**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD ALAN COOLBAUGH | : | |
| | : | |
| Appellant | : | No. 845 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 1, 2021
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000234-2021

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: FEBRUARY 6, 2023**

Ronald Alan Coolbaugh (Coolbaugh) appeals the judgment of sentence entered in the Court of Common Pleas of Perry County (trial court) where he entered a counseled plea to one count of stalking with intent to cause fear (18 Pa.C.S. § 2709.1(a)(2)). He was sentenced by the trial court to a prison term of one to five years, which exceeded the sentencing guidelines range. Coolbaugh then filed a timely post-sentence motion challenging the discretionary aspects of sentencing. The motion was denied by operation of law and Coolbaugh timely appealed. He now argues that the trial court abused its discretion by imposing a manifestly excessive sentence and ignoring mandatory sentencing factors. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

As Coolbaugh agreed to the factual basis of the charge at the plea hearing, the facts of this case are undisputed. It was alleged by the Commonwealth that Coolbaugh had sent a series of anonymous and sexually explicit communications to his step-daughter. *See* Plea Hearing, 8/12/2021, at p. 2. These harassing messages persisted for a span of several years and included the posting of photos of the victim's bedroom on social media.

The offense gravity score of the crime was four, and the standard guidelines sentence was a period of restorative sanction or incarceration for a term of up to three months, with an aggravated range of an additional three months. The statutory maximum sentence was two and one-half to five years.

Coolbaugh stated at the plea hearing that he understood the nature of the offense to which he was pleading, as well as the range of punishments that could be imposed as the result of his plea. After the trial court completed a plea colloquy with Coolbaugh, he entered an open plea of guilty. The trial court then ordered a pre-sentence investigation report (PSI). The victim of the offense also submitted an impact statement.

At the subsequent sentencing hearing, the Commonwealth summarized the victim's impact statement to the trial court:

> I'd note, of significance when I went through her statement, she referenced several times where she actually changed phone numbers to try to avoid the repeated conduct – the repeated communications that were causing her some severe emotional distress only to have those numbers – that conduct resurface. Looking back on it, I'm sure that all makes sense now why the [Coolbaugh] had access to her phone numbers to be able to do that repeatedly. And then, you know, probably the most

concerning thing, quite frankly, and I'll try not to get too involved or vulgar with my description, but after this incident came to light and she identified the defendant was actually the source of this -- these messages, photos, naked photos and comments, he more or less doubled down on situation and sent more messages indicating that he was, essentially, pleasuring himself with her underwear and telling – describing in vivid detail how he did that. Given the extreme conduct, for lack of a better way to put it, the extreme nature of what [Coolbaugh] did, the extreme mental distress that this put the victim under for a prolonged period of time, [the Commonwealth] was asking for a max sentence in this case, two and a half to five. That is the request being made by the Commonwealth. We'd ask the Court to consider that in light of just the totality of the circumstances here.

Sentencing Hearing Transcript, 11/1/2021, at pp. 2-3.

In response, Coolbaugh's counsel requested the trial court to impose a term of six months, which was within the aggravated guidelines range, as the higher end of the standard range was three months. Counsel stressed that Coolbaugh was 53 years old, that he had no prior criminal record and that he was remorseful. Additionally, counsel asserted that Coolbaugh was a good candidate for rehabilitation, and that he was a caregiver for both of his elderly parents. Coolbaugh himself gave a brief statement in which he expressed remorse for his crime and the grief it had caused his family.

The trial court indicated that it was not receptive to Coolbaugh's request for a sentence within the guidelines, reasoning that the circumstances of the offense were far more severe and harmful than when the crime is typically committed:

This goes so far beyond what I normally see in a stalking case that it's a little bit hard to comprehend. And then to find out it was her stepdad, someone who should be looking out for her; somebody

that should be out looking for the guy who was doing this to her, one of the people who should have been in charge of making sure she was safe, she felt safe and doing everything he could to make her happy. Instead, you used all that personal information you had about her to basically terrorize her for years. The real question in this case is not whether the guidelines apply — excuse me, is not whether this should be an aggravated sentence but whether the guidelines even apply. As your attorney pointed out, you have no — you know, criminal history, which makes this even more of an anomaly because what possessed you to go through this type of behavior for years.

* * * *

This is above and beyond what would normally be called for to commit the crime of stalking; and it's for that reason I don't think a standard-range sentence applies; and it's that reason I don't think that six months, which would be the aggravated range, does this justice.

*Id*. at pp. 5-6.

Accordingly, the trial court imposed a prison term of one to five years. Coolbaugh filed a post-sentence motion in which he argued that the sentence was manifestly excessive, purely punitive, and contrary to statutory requirements that the trial court consider the totality of the circumstances in the case. **See** Post Sentence Motion, 11/12/2021, at p. 2. The motion was denied by operation of law, and after Coolbaugh timely appealed, the trial court drafted a memorandum outlining why the sentence should be upheld. **See** Trial Court Opinion, 8/29/2021, at pp. 1-3.

Since Coolbaugh's claim concerns a discretionary aspect of his sentence, and such claims are not reviewable as a matter of right, we must first determine whether our jurisdiction has been properly invoked. ***See***

- 4 -

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). In order to invoke this Court's jurisdiction to review such claims, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant['s brief] set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013).

A substantial question concerns whether the sentence imposed is (1) appropriate under the Sentencing Code or (2) otherwise contrary to the fundamental norms which underlie the sentencing process. *See Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

In the present case, Coolbaugh preserved his appellate claim by raising it in a post-sentence motion; he timely filed a notice of appeal; and there is no defect in his brief. Coolbaugh has also raised a substantial question by claiming that the trial court imposed a purely punitive sentence outside of the guidelines range without stating on the record its consideration of all mandatory sentencing factors. *See Commonwealth v. Rodda*, 723 A.2d 212 (Pa. Super. 1999). We now review the merits of Coolbaugh's claim.

"Sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion." *Commonwealth v. Downing*, 990 A.2d 788, 792 (Pa. Super. 2010). An abuse of discretion may be proven where the record demonstrates that the trial court "ignored or

misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Rodda**, 723 A.2d at 214.

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant [.]" **Commonwealth v. Fullin**, 892 A.2d 843, 847 (Pa. Super. 2006). The trial court must also take into account the applicable sentencing guidelines. **See Fullin**, 892 A.2d at 847. On appeal, a sentence outside of the guidelines must be upheld by the reviewing court as long as the sentence is "reasonable." 42 Pa.S.C. § 9781(c).

Where a trial court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citing **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988)).

Here, Coolbaugh argues that his sentence is excessive because the trial court considered only the nature and severity of the offense, ignoring other mandatory considerations, such as his rehabilitative needs, remorse, lack of a prior criminal record and the care he provided to his parents. According to Coolbaugh, the trial court imposed an unreasonable sentence which exceeded the guidelines range warranting a resentencing.

We find that the trial court did not impose an unreasonable sentence. At the sentencing hearing, the trial court indicated that it had reviewed the PSI, which had included a recommendation of a sentence in the aggravated range due to the prolonged period during which Coolbaugh had harassed the victim. Moreover, the trial court correctly recounted the standard and aggravated ranges of the guidelines. A sentence of one to five years was imposed, well above the aggravated guidelines range of six months.

The trial court reasoned that the guidelines were not applicable because, despite Coolbaugh's lack of a criminal history, he had engaged in a pattern of harmful conduct toward his step-daughter for several years. *See* Sentencing Hearing Transcript, 11/1/2021, at pp. 5-6. Further, the trial court stated on the record the various and atypical ways in which the victim had been impacted by Coolbaugh's offense during that span. It is of no moment that the trial court put little emphasis on mitigating circumstances and other required considerations because the trial court had the benefit of the PSI. It must, therefore, be presumed that the trial court was "aware of all appropriate sentencing factors and considerations." *Ventura*, 975 A.2d at 1135.

Thus, because the trial court did not violate any provision of the Sentencing Code or any fundamental norm of the sentencing process, and the sentence was reasonable, no relief is due.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/06/2023